UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BRIAN KEITH SCALF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:17-cv-00120-SEB-TAB |
| | ) | |
| FRANK LOOP, | ) | |
| J. WARD, | ) | |
| MELANIE Nurse, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint as Supplemented and
Directing Issuance of Process**

**I. Screening Complaint**

At the time the plaintiff, Brian Keith Scalf ("Mr. Scalf"), filed this action, he was a pretrial detainee incarcerated at Floyd County Jail ("the Jail"). This Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. Scalf alleges that for a period of time, he was housed with inmates in the Jail who were infected with MRSA. He further alleges that he was housed in a maximum security unit with inmates who were charged with more serious crimes and that he was in an altercation with another inmate. He alleges in his supplement that he has suffered bodily injury from an infection on his inner left groin. In his supplement he also alleges he has suffered a black eye and broken hand after being assaulted. He names the following defendants: 1) Sheriff Frank Loop; 2) Nurse Melanie; and 3) Officer J. Ward.

More specifically, the plaintiff alleges that on June 7, 2017, he and other inmates spoke to Nurse Melanie about the MRSA situation. She told them that MRSA was not communicable and the inmates would not catch it through coming into contact with infected inmates or infected surfaces. That evening, the plaintiff spoke to Sheriff Frank Loop about the MRSA issue. Sheriff Loop told the plaintiff that he was not aware of any MRSA problem. The plaintiff asked for cleaning supplies (bleach) and to have infected inmates in a different cell. Sheriff Loop agreed to provide cleaning supplies but did not address the housing situation.

The next day, Nurse Melanie examined each inmate in the plaintiff's cell block and asked if they had any red bumps. Any inmates with red bumps were told that they would be started on antibiotics. Several inmates were already on antibiotics and others were started on them. That same day, medical staff brought bleach in spray bottles to the unit and told inmates to clean the cell block and wash their hands to insure containment of MRSA infection.

The plaintiff alleges that Officer J. Ward, Classification Officer, did not move him from A-block to F-block until after the plaintiff had filed multiple grievances. But, even after he was moved to F-Block, an inmate infected with MRSA was placed in the same cell block. Officer Ward allegedly told the plaintiff that this was not a grievable issue.

The plaintiff seeks $100,000 in damages for medical bills, treatment, and therapy that he "may have sought or plan[s] to seek upon release due to physical, mental, emotional trauma received due to negligence" of the defendants. Dkt. 1, p. 4. He also seeks injunctive relief in the form of placing sick inmates in an infirmary, having J. Ward resign as Classification Officer, and an apology. Since he filed his complaint, the plaintiff has been transported to Lifespring Turning Point residential treatment center, but his criminal charge of unlawful possession of a syringe remains pending. No. 22D01-1705-F6-001015.

The Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment, applies to pretrial detainees, however, the standards are not different. *Minix v. Canarecci,* 597 F.3d 824, 830-31 (7th Cir. 2010). As such, jail officials are required "to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care." *Id.* at 830.

There is no allegation that any defendant was aware of a specific inmate who posed a physical danger to the plaintiff. Therefore, to the extent that the plaintiff alleges that he was housed with other inmates who were confined for more serious crimes, he has failed to state a claim of failure to protect.

A portion of the claim against Sheriff Loop is dismissed for failure to state a claim upon which relief can be granted because promptly after he was made aware of the MRSA concerns, it can be inferred that he directed medical staff to examine the inmates and start them on antibiotics if they had any infected areas. Bleach was also provided for cleaning purposes. The claim that the Sheriff failed to address the housing of infected and uninfected inmates, however, states a viable Fourteenth Amendment claim. This claim shall proceed.

The claim against Nurse Melanie is that she informed inmates that MRSA was not easily transmitted. Based on this belief, she did not take any action toward preventing further spread of the infection at the Jail until after Sheriff Loop apparently directed her to examine inmates to determine if they had any red bumps. A simple search on the internet, however, informs anyone who looks that MRSA can be spread by skin-to-skin contact with an infected person or by touching contaminated objects *See* www.mayoclinic.org.diseases-conditions/mrsa/in-depth. *See Rowe v. Gibson,* 798 F.3d 622, 628 (7th Cir. 2015) (describing Mayo Clinic website as a "highly reputable medical website[]"). This basic information about how contagious MRSA is should have been known and shared by Nurse Melanie. Failure to do so unreasonably placed the plaintiff at greater risk of becoming infected. The claim against Nurse Melanie shall proceed.

The plaintiff's claim that Officer J. Ward failed to act reasonably in response to the plaintiff's complaints that he should be moved to a different housing unit shall also proceed. The Court has liberally construed the complaint to state a claim that Officer J. Ward failed to take reasonable steps to help prevent any harm posed by inmates who were infected with MRSA.

## II. Service of Process

Given the foregoing, the following Fourteenth Amendment claims brought against all three defendants, Sheriff Frank Loop, Nurse Melanie and Officer J. Ward **shall proceed**.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Sheriff Frank Loop; (2) Nurse Melanie; and (3) Officer J. Ward, in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), the supplement thereto (docket 5), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 8/18/2017


SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

BRIAN KEITH SCALF, #37483
c/o LifeSpring Turning Point Center
1060 Sharon Drive
Jeffersonville, IN 47130

Sheriff Frank Loop
Floyd County Jail
P.O. Box 1406
New Albany, IN 47150

Nurse Melanie
Floyd County Jail
P.O. Box 1406
New Albany, IN 47150

Officer J. Ward
Floyd County Jail
P.O. Box 1406
New Albany, IN 47150